## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO
_____

FOREST GUARDIANS, et al.,

       Plaintiffs,

vs.                                      Civ. No. 06-231 WJ/KBM

UNITED STATES FISH AND WILDLIFE SERVICE,

       Defendant,

   and

THE PEREGRINE FUND,

       Defendant-Intervenor.

### MEMORANDUM OPINION AND ORDER DENYING
### DEFENDANT'S MOTION FOR LEAVE TO FILE SUR-REPLY

    THIS MATTER comes before the Court on Defendant's Motion for Leave to File Sur-Reply. (Doc. 68). The Court, having considered the instant Motion and accompanying Memorandum (Doc. 68-2), Plaintiffs' Response (Doc. 70), Defendant's Reply (Doc. 72), the applicable law, and otherwise being fully informed, hereby denies Defendant's Motion for Leave to File Sur-Reply.

## BACKGROUND

    The Northern Aplomado Falcon ("Falcon") is at the heart of this case. Defendant United States Fish and Wildlife Service declared the Falcon an endangered species in 1986. 50 C.F.R. § 17.11; 51 Fed. Reg. 6686 (Feb. 25, 1986). At that time, the Falcon had been extirpated as a breeding species in New Mexico for over 30 years. 71 Fed. Reg. 42298-99; 51 Fed Reg. 6686-

88. Thus, Defendant also found "that designation of critical habitat is not prudent for the northern aplomado falcon at this time." 51 Fed. Reg. at 6688. Defendant-Intervenor The Peregrine Fund nurtures a captive population of Falcons in Idaho. 71 Fed. Reg. at 42299-301. Such captive raised Falcons have been released in Texas since 1985. Id. at 42299-300. Leading to a Falcon population that is "becoming established in southern Texas." Id. at 42301. On February 9, 2005, Defendant proposed the following in the Federal Registry:

> We, the U.S. Fish and Wildlife Service (Service), propose to reintroduce northern aplomado falcons (Falco femoralis septentrionalis) (falcon) into their historic habitat in southern New Mexico and Arizona with the purpose of establishing a viable resident population. If this proposed rule is finalized, we may release captive-raised falcons as early as the summer of 2005 and release up to 150 additional falcons annually in the summer and/or fall for 10 or more years thereafter until a self-sustaining population is established. We propose to designate this reintroduced population as a nonessential experimental population (NEP) according to section 10(j) of the Endangered Species Act of 1973 (Act), as amended. The geographic boundary of the proposed NEP includes all of New Mexico and Arizona.

70 Fed. Reg. 6819 (Feb. 9, 2005). On July 26, 2006, the Endangered Species Act ("ESA") 10(j) classification was finalized. 71 Fed. Reg. 42298. Plaintiffs filed an October 22, 2007 Petition for Review of Agency Action. (Doc. 46). Within the Petition, Plaintiffs argue, *inter alia*, that Defendant's National Environmental Policy Act ("NEPA") analysis "is a fraud because the Agency pre-determined the results of its analysis in 2002 before the NEPA process began." (Doc. 46).

National Environmental Policy Act ("NEPA"), 42 U.S.C. §§ 4321-4370, "prescribes the necessary process by which federal agencies must take a 'hard look' at the environmental consequences' of the proposed courses of action." Penaco Energy, Inc. v. U.S. Dep't of Interior, 377 F.3d 1147, 1150 (10th Cir. 2004) (citations and internal quotations omitted). Defendants, in the instant Motion, contend that Plaintiffs "introduced new facts for the first time in their reply

brief and, in so doing, have gone outside of the scope of their original petition (Doc. 46) and Defendant's response brief (Doc. 53).  Introducing new facts in this manner is improper and unfairly prejudices Defendant by denying Defendant a fair opportunity to respond."  (Doc. 68). For the reasons stated below, the Court does not agree with Defendant's position.

"Reviews of agency action in the district courts [under the Administrative Appeals Act ("APA")] must be processed as appeals.  In such circumstances the district court should govern itself by referring to the Federal Rules of Appellate Procedure."  Olenhouse v. Commodity Credit Corp., 42 F3d 1560, 1580 (10th Cir. 1994).  Tenth Circuit precedent does not allow for waiting to raise an issue initially in a reply brief, or waiting to produce evidence allegedly supporting such an argument at oral argument.  See, e.g., Silverton Snowmobile Club v. U.S. Forest Service, 433 F.3d 772, 783 (10th Cir. 2006) (finding that "appellate courts will not entertain issues raised for the first time on appeal in an appellant's reply brief"); United States v. Almaraz, 306 F.3d 1031, 1040-41 (10th Cir. 2002) (ruling that argument presented for the first time during oral arguments are waived); Gaines-Tabb v. ICI Explosives, USA, Inc., 160 F.3d 613, 624 (10th Cir. 1998) (holding that arguments not raised in opening brief are waived); Coleman v. BG Maintenance Mgmt. of Colorado, 108 F.3d 1199, 1205 (10th Cir. 1997) (finding that "issues not raised in the opening brief are deemed abandoned or waived").

Plaintiffs, in their Reply, do not raise a new issue or argument.  Instead, Plaintiffs reassert that Defendant pre-determined the results of its analysis in favor of the 10(j) classification before the NEPA process began.  This is the exact argument they put forth in the initial Petition for Review of Agency Action.  Plaintiffs also do not produce evidence allegedly supporting this argument for the first time in their Reply.  Rather, Plaintiffs simply cite to additional material

3

from the Administrative Record.  This Administrative Record (Doc. 29) was previously filed

February 14, 2007.  Plaintiffs did not produce new evidence; rather, they simply pointed to

evidence already before the Court and available to all parties.  Accordingly, Defendant's Motion

for Leave to File a Sur-Reply is denied because Plaintiffs, in their Reply, have not raised a new

argument, nor have they produced evidence for the first time.

       It should be noted that Defendant will be given ample opportunity at the May 20, 2008

hearing to present their position on the documents noted in Plaintiffs' Reply.  Thus, Defendant

will not be robbed of an opportunity to respond.  Furthermore, the Court will entertain argument

at the hearing as to whether the Grant Agreement offered by Defendant, which is not part of the

Administrative Record, should be allowed into evidence.

       **SO ORDERED.**

_____
WILLIAM P. JOHNSON
UNITED STATES DISTRICT JUDGE